**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Barrio, et al., | No. CV-20-00991-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Gisa Investments LLC, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Dismiss (Doc. 20) filed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). The Motion is fully briefed and ready for consideration. (Docs. 20, 23, 28) For the following reasons, the Motion will be granted in part.

**I.    BACKGROUND**

This case arises out of an agreement between Plaintiff Gabriel Barrio, a resident of Washington, and Defendant Tophat U.S., LLC ("Tophat"), a car importing and refurbishing company located in Arizona. (Doc. 18 at ¶¶2–4) Mr. Barrio and a Tophat representative signed an agreement on April 5, 2016, stating that Tophat would custom-build a Land Rover Defender 110 for Mr. Barrio, and that Mr. Barrio would pay $120,000 for the vehicle, with a $36,000 deposit. (Doc. 20-1) The agreement included the specifications to which the vehicle would be built. (Doc. 20-1) It also included a warranty for materials incorporated into the car and a one-year unlimited mileage warranty on the engine and transmission. (Doc. 20-1)

Plaintiffs first brought this cause of action on May 21, 2020 against Tophat and Defendant Gisa Investments, LLC ("Gisa"). (Doc. 1) Plaintiffs filed a First Amended Complaint ("FAC") on July 17, 2020, (Doc. 18) asserting the following claims: (1) a violation of the Arizona Consumer Fraud Act ("ACFA"), (2) common law fraud, (3) breach of implied warranty, (4) additional breach of warranty claims under the Magnuson-Moss Warranty Act ("MMWA"), (5) breach of contract, (6) aiding and abetting, (7) negligent misrepresentation, and (8) rescission. Plaintiffs assert the vehicle was not built to their satisfaction nor did it satisfy the terms of the agreement. (Doc. 18 at ¶¶18–19, 27)

Defendants filed a Motion to Dismiss on August 7, 2020 for failure to state a claim under Rule 12(b)(6). (Doc. 20) Defendants seek to dismiss the claims for (1) common law fraud, (2) negligent misrepresentation, (3) violation of the ACFA, and (4) aiding and abetting. (Doc. 20 at 2) Defendants also seek to dismiss all claims against Gisa because Gisa was not party to the contract giving rise to the claims. (Doc. 20 at 2) The Court will now consider the Motion.

## II.  LEGAL STANDARDS

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so that the defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

## III.  DISCUSSION

The Court will address each cause of action individually.

///

### A. Fraud

Common law fraud is a tort claim. *See CIT Fin. LLC v. Treon, Aguirre, Newman & Norris PA*, No. CV-14-00800-PHX-JAT, 2016 WL 6610604, at *5 (D. Ariz. Nov. 9, 2016). Sometimes, tort claims arising out of breach of contract actions are barred by the Economic Loss Rule ("ELR"). The ELR "limits a contracting party to contractual remedies for the recovery of economic losses unaccompanied by physical injury to persons or other property." *Firetrace USA, LLC v. Jesclard*, 800 F. Supp. 2d 1042, 1050 (D. Ariz. 2010) citing *Flagstaff Affordable Hous. Ltd. P'ship v. Design Alliance, Inc.*, 223 Ariz. 320 (2010). Here, Defendants allege that a number of Plaintiffs' claims are barred under the ELR, though Plaintiffs argue it does not apply in this case. (Doc. 20 at 4; Doc. 23 at 5–6) Plaintiffs argue that the ELR 1) does not apply to fraud and misrepresentation claims, and 2) does not apply to non-economic harm such as emotional damages, the travel time to buy the vehicle and repair it, and their inability to obtain insurance for the vehicle. (Doc. 23 at 6, 8–9)

Plaintiffs rely on old case law for the proposition that the ELR does not apply to fraud and misrepresentation claims; more recently this Court and Arizona state courts have found it *does* apply in that context. *See, e.g.*, *CIT Fin. LLC*, 2016 WL 6610604, at *5 (fraud and negligent misrepresentation claims dismissed because ELR applies when a contract governs); *Del Mar Land Partners, LLC v. Stanley Consultants, Inc.*, No. CV-11-8013-PCT-PGR, 2012 WL 1019066, at *2 (D. Ariz. Mar. 26, 2012) (fraud claim dismissed because ELR applies); *Sherman v. PremierGarage Sys., LLC*, No. CV 10-0269-PHX-MHM, 2010 WL 3023320, at *4 (D. Ariz. July 30, 2010) (ELR applies to fraud, intentional misrepresentation, and negligent misrepresentation claims); *Cook v. Orkin Exterminating Co.*, 227 Ariz. 331, 335 (Ariz. Ct. App. 2011) (fraud, negligence and misrepresentation claims are barred by ELR unless contract otherwise provides). Another case this Court finds compelling is *Van Go LLC v. Potts*, No. CV-16-00054-PHX-JJT, 2016 WL 4974968 (D. Ariz. June 7, 2016). In that case, this Court declined to apply the ELR to a fraud claim involving a car sale, however, the sale of the car was under much different circumstances.

*Id.* at *4. There, the vehicle at issue was sold at auction, without negotiation or discussion between the buyer and seller. *Id.* The buyer later alleged the vehicle's history and certificate of authenticity were falsified, bringing, among others, a fraud claim. *Id.* at *1–2. The Court determined that the auction setting made the ELR inapplicable. *Id.* at *4. The parties in *Van Go* did not "bargain, define remedies, or plan for contingencies like in other contract negotiations." *Id.* This Court noted, citing *Firetrace*, that the purpose of the ELR is to "encourage private ordering of economic relationships and to uphold the expectations of the parties by limiting a plaintiff to contractual remedies for the loss of the benefits of the bargain." *Id.* citing 800 F.Supp 2d at 1050. In the instant case, the parties bargained over the price of the vehicle, then signed a contract that defined remedies, listed warranties, and planned for contingencies. (Doc. 18 at ¶¶9, 28–30; Doc. 20-1 at 2–4) In a situation where there is a contract providing remedies, it makes sense for a court to hold the parties to that contract. Therefore, the ELR does bar Plaintiffs' fraud claims to the extent that their harm is economic.

As to Plaintiffs' alleged noneconomic damages, Plaintiffs did not assert their inability to find insurance for the vehicle until their Response. (Doc. 23 at 9) As such, it will not be considered. *See Andasola v. Capital One Bank NA*, No. CV 12-02467-PHX-JAT, 2013 WL 1149663, at *4 (D. Ariz. Mar. 19, 2013) (Court would not consider new allegations asserted in plaintiff's response to a motion to dismiss, except to consider granting leave to amend). Furthermore, time spent obtaining the vehicle and repairing it is not separable from the economic harms. Finally, the emotional harms asserted in the FAC are not cognizable damages. The damages recoverable in a fraud case are usually "limited to the actual pecuniary loss sustained." *Arce-Mendez v. Eagle Produce P'ship Inc.*, No. CV 05-3857-PHX-JAT, 2008 WL 659812, at *3 (D. Ariz. Mar. 6, 2008). When plaintiff's interests are "purely economic" there is no recovery for emotional distress. *Morrow v. Temple*, No. CV190202TUCJASBGM, 2020 WL 1065868, at *4 (D. Ariz. Mar. 5, 2020) (internal citations omitted). This Court considers mental or emotional damages for fraud "special damages." *Arce-Mendez*, 2008 WL 659812, at *3. Plaintiffs alleging special

damages must plead them with specificity under Rule 9(g). *Id.* Plaintiffs mentioned "stress, humiliation, and frustration," in their FAC but only very briefly in their general allegations section. (Doc. 18 at ¶31) They did not plead with specificity, as is required to support a claim for emotional damage. *Holly v. Alta Newport Hosp., Inc.*, No. 219CV07496ODWMRWX, 2020 WL 1853308, at *6 (C.D. Cal. Apr. 10, 2020) (The court dismissed claims for emotional harm and distress when plaintiff did not claim specifically any genuine injury. "[V]ague and conclusory allegations regarding damages are insufficient to survive a motion to dismiss."). To the extent Plaintiffs elaborate on their emotional distress in their responsive briefing, alleging "more emotional stress and fears relating to dangerous conditions," (Doc. 23 at 3) it is (1) too late to make further allegations that should have been included in the FAC and (2) these allegations are still not specific enough to pass Rule 9(g) muster. Therefore, Plaintiffs' fraud claim is dismissed in its entirety.

### B. Negligent misrepresentation

To the extent Plaintiffs assert negligent misrepresentation claims, the ELR rule applies. *See supra* III.A for analysis. *See also Sherman,* 2010 WL 3023320 at *4. Furthermore, Plaintiffs again failed to plead their non-economic damages with the specificity required by Rule 9(g), for the same reasons listed above. Thus, the negligent misrepresentation claim is dismissed in its entirety.

### C. Violation of the ACFA

Private actions under the ACFA have a statute of limitations of one year under A.R.S. § 12-541(5). The statute of limitations begins to run when the consumer discovers or "with reasonable diligence should have discovered both the 'who' and the 'what' of her claim." *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 826 (D. Ariz. 2016) (internal quotations omitted). Specifically, it begins when the consumer knows "whose products were involved and that the products were not performing as expected." *Id.* (internal quotations omitted). As Defendants argue and Plaintiffs write in their own First Amended Complaint, Plaintiffs knew within one day of possessing the Range Rover that it was not

performing as promised in the agreement. (Doc. 20 at 12, Doc. 18 at ¶16) Plaintiffs received the Land Rover from Defendant Tophat on June 22, 2018. (Doc. 20 at 12) Therefore, the statute of limitations on the ACFA claim would have run on June 22, 2019. This case was brought on May 21, 2020. Thus, the ACFA claim is time-barred.

### D. Aiding and abetting

Aiding and abetting is a derivative claim. *Merritt v. Arizona*, 425 F. Supp. 3d 1201, 1233 (D. Ariz. 2019) (internal citations omitted) ("aiding and abetting is a derivative tort for which a plaintiff may recover only if he establishes an independent primary tort"). It requires three elements: "(1) the primary tortfeasor must commit a tort that causes injury to the plaintiff; (2) the defendant must know the primary tortfeasor's conduct constitutes a breach of duty; and (3) the defendant must substantially assist or encourage the primary tortfeasor in the achievement of the breach." *Id.* When the underlying tort that serves as the basis for the aiding and abetting claim fails, the claim of aiding and abetting that tort also fails. *Id.* Therefore, since the tort claims (fraud, negligent misrepresentation, ACFA claim) upon which the aiding and abetting claim is based have failed, the aiding and abetting claim also fails.

### E. Punitive damages

Because the Court dismissed the tort claims under the economic loss rule, it follows that this case is now based in contract law. It is well-established under Arizona law that punitive damages are not available in contract cases. *See Jones v. Gen. Motors Corp.*, No. CV-08-2099-PHX-GMS, 2009 WL 648613, at *2 (D. Ariz. Mar. 11, 2009). Therefore, to the extent Plaintiffs assert punitive damages, they are not available to them.[1]

### F. Claims against Gisa

Gisa is not a party to the contract signed by Mr. Barrio. (Doc. 21-1) Plaintiffs allege in

---

[1] The Court notes that while the MMWA allows punitive damages where the governing state law allows, Arizona does not allow punitive damages because they are unavailable in breach of warranty claims. "In Arizona, the law of which forms the basis of Plaintiff's non-federal claims, punitive damages are not ordinarily available as a remedy in breach of warranty actions because such actions are contract claims." *Jones* 2009 WL 648613, at *2.

their FAC that Gisa is an agent of Tophat and that an employee of Gisa acted as an agent of Tophat. (Doc. 18 at ¶¶1, 5) Defendants accept this allegation as true. (Doc. 20 at 6, Doc. 28 at 5–6) Principles of agency law dictate that when the ELR bars tort recovery against a contracting party, it also bars tort recovery against an agent of that party. *See Gilbert Unified Sch. Dist. No. 41 v. CrossPointe, LLC*, No. CV 11-00510-PHX-NVW, 2012 WL 1564660, at *4 (D. Ariz. May 2, 2012) (explaining that when the ELR bars tort recovery against a corporation based on a contract it also bars tort recovery against an officer of that corporation). Furthermore, when a principal enters a contract, that contract may dictate the actions of an agent, but it does not create liability for the agent under the contract. *Sayles v. Knight Transportation Co. Inc.*, No. CV-16-04235-PHX-JAT, 2017 WL 3051144, at *2 (D. Ariz. Mar. 16, 2017) (agents of parties to the contract may not be held liable for breach of contract because they are not themselves parties to the contract). Under these principles, the tort claims that are barred against Tophat must also be barred against Gisa, because the alleged tortious conduct of both parties was governed by the contract. Furthermore, while Gisa may have been bound by the contract Tophat signed to undertake certain actions on behalf of Tophat, Gisa is not liable on the contract as a mere agent because no representatives of Gisa signed the contract. There is no contractual privity. This means Gisa is not liable for the breach of contract, rescission, or breach of warranty claims. Therefore, there are no cognizable claims against Gisa.

## IV. CONCLUSION

The claims for fraud and negligent representation are barred by the ELR. The statute of limitations has long run on the ACFA claim. The claim for aiding and abetting is barred as a derivative claim. The remaining claims against Gisa may not proceed, because mere status as an agent of Tophat does not make Gisa a party to the contract.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 20) is **granted in part** and Plaintiffs' claims for fraud and negligent misrepresentation, their claim arising out of the ACFA, and their claim for aiding and abetting are dismissed pursuant to Rule 12(b)(6).

**IT IS FURTHER ORDERED** that Defendant Gisa Investments, LLC is dismissed.

**IT IS FURTHER ORDERED** that Defendants' Motion (Doc. 20) is **denied without prejudice** to the extent that they request attorneys' fees.[2]

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly as to Defendant Gisa Investments, LLC and **terminate** them from this action.

Dated this 14th day of October, 2020.

Honorable Steven P. Logan
United States District Judge

---

[2] Tophat's request for attorneys' fees pursuant to A.R.S. § 12-341.01 is premature. They are not yet the "successful party" in an action "arising out of a contract" because all contractual claims in the case remain. Defense counsel may file a separate motion for attorneys' fees as to Gisa, but should be sure to include the basis for the fees requested.