**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Barrio, et al., | No. CV-20-00991-PHX-SPL |
| Plaintiffs, | **ORDER** |
| vs. | |
| Gisa Investments LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Renewed Motion for Reasonable Attorneys' Fees & Expenses Following Default Judgment and Memorandum in Support, filed pursuant to the Magnuson-Moss Warranties Act ("MMWA"), 15 U.S.C. § 2310(d)(2). (Doc. 75) The Renewed Motion incorporates the Memorandum of Points and Authorities filed with the original Application for Reasonable Attorneys' Fees & Costs for Default Judgment. (Doc. 62) There will be no response because the remaining Defendant is an LLC that remains unrepresented by counsel. For the following reasons, the Motion will be granted as modified.

**I.    BACKGROUND**

Plaintiffs originally filed suit on May 21, 2020 against two Defendants, bringing claims under the Arizona Consumer Fraud Act, the MMWA, and common law claims for fraud, breach of implied warranty, breach of contract, aiding and abetting, negligent misrepresentation, and rescission. (Docs. 1, 18 at ¶¶34–99) Defendant Gisa Investments, LLC was dismissed after Defendants filed a Motion to Dismiss. (Docs. 20, 32) The claims

for fraud, negligent misrepresentation, aiding and abetting, and the claim under the Arizona Consumer Fraud Act were also dismissed in full. (Doc. 32 at 7) Defendant Tophat U.S., LLC's attorneys withdrew in November 2020 after Tophat was unable to pay them. (Docs. 35, 36) Plaintiffs were awarded a default judgment against Tophat on April 21, 2021. (Minute Entry 65) The default judgment was granted because Tophat missed its deadline to obtain counsel, and business entities may not appear pro se.

Prior to the default hearing, Plaintiffs' counsel filed an Application for Reasonable Attorney Fees & Costs for Default Judgment (Doc. 62), which the Court denied without prejudice for premature filing. (Minute Entry 65) Plaintiffs' counsel has now refiled, seeking $35,288.75 in fees and $1,883.25 in expenses. (Doc. 75 at 12)

## II. LEGAL STANDARDS

A party may recover attorneys' fees when clearly authorized by statute. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010). The MMWA authorizes courts to award attorney fees "based on actual time expended" and costs to the prevailing party "unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate." 15 U.S.C. § 2310(d)(2).

Courts analyze appropriate fees in MMWA cases using the typical "lodestar method." *Moshir v. Automobili Lamborghini Am. LLC*, 927 F. Supp. 2d 789, 797 (D. Ariz. 2013). Courts applying this method typically start with the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). This calculation provides an objective basis on which to make an initial estimate of the value of an attorney's services. *Id.* The party requesting fees must submit evidence supporting the reasonableness of the hours worked and the rates claimed. *Id.* "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*

Furthermore, in the Ninth Circuit, there are several factors a district court may use when determining the reasonableness of an attorneys' fees request. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (abrogated on other grounds). Such factors

include: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Id.* (internal quotations and citation omitted). If a district court chooses to reduce the lodestar amount, it must do so with "a concise but clear explanation of its reasons." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir. 2001) (internal quotations and citation omitted).

### III. DISCUSSION

Plaintiffs seek $35,288.75 for reasonable attorneys' fees and $1,883.25 in expenses. (Doc. 75 at 12) Christine Anderson Ferraris incurred $29,981.75 in fees and Susan M. Rotkis incurred $5,397. Ms. Ferraris noted she reduced her fees by 30 percent based on the Court's dismissal of Gisa and some of the original claims. (Doc. 75 at 11)

The Court will discuss hourly rates, followed by the hours expended. Finally, it will address costs.

#### A. Reasonableness of hourly rates

"The prevailing market rate in the community [in which the lawsuit was filed] is indicative of a reasonable hourly rate. The fee applicant has the burden of producing satisfactory evidence … that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Orman v. Cent. Loan Admin. & Reporting*, No. CV-19-04756-PHX-DWL, 2020 WL 919302, at *2 (D. Ariz. Feb. 26, 2020), *reconsideration denied*, No. CV-19-04756-PHX-DWL, 2020 WL 1236333 (D. Ariz. Mar. 13, 2020) (quoting *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987)). *See also Innovative Sports Mgmt. Inc. v. Singh*, No. CV-18-02211-PHX-MTL, 2020 WL 3574582, at *2 (D. Ariz. July 1, 2020). The fact that

the client paid the rate charged by the lawyer may be used as evidence of reasonableness. *Orman*, 2020 WL 919302 at *2 (citing *Jackson v. Wells Fargo Bank*, *N.A.*, 2015 WL 13567069, *2 (D. Ariz. 2015)); *but see Jason v. Maxwell & Morgan PC*, No. CV-16-02894-PHX-SRB, 2019 WL 5654469, at *2 (D. Ariz. Feb. 11, 2019) ("The reasonable hourly rate is not determined by the rates actually charged, but by the prevailing rate in the community for 'similar work performed by attorneys of comparable skill, experience, and reputation.'") (citing *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995)).

After a survey of recent caselaw, the Court finds the prevailing hourly rate for experienced litigators in the District of Arizona is between $300 and $350 an hour. *See, e.g.*, *J & J Sports Prods. Inc. v. Patel*, No. CV1600234TUCRMBPV, 2018 WL 1609731, at *4 (D. Ariz. Apr. 3, 2018) (citing *Bray v. Maxwell & Morgan PC*, No. CV-17-00486-PHX-DGC, 2017 WL 5668269, at *2 (D. Ariz. Nov. 27, 2017) (finding $325 rate reasonable for a lawyer with 20 years of experience); *Brooke v. A-Ventures, LLC*, No. 2:17-cv-2868-HRH, 2017 WL 5624941, at *6-7 (D. Ariz. Nov. 22, 2017) (reducing rate to $350 an hour for attorney with specialized expertise); *Wood v. Betlach*, No. CV12-08098-PCT-DGC, 2017 WL 1398552, at *8 (D. Ariz. Apr. 19, 2017) (finding rate of $350 per hour to be reasonable); *O'Neal v. America's Best Tire LLC*, No. CV-16-00056-PHX-DGC, 2017 WL 1311670, at *3-4 (D. Ariz. Apr. 5, 2017) (finding $300 an hour to be reasonable)).[1] More recent District of Arizona cases have cited *Patel*'s "collection" of cases to support the lowering of an attorney's hourly rate in an award of fees. *See G&G Closed Cir. Events LLC v. Espinoza*, No. CV-18-08216-PCT-JAT, 2020 WL 1703630, at *2–3 (D. Ariz. Apr. 8, 2020); *Innovative Sports Mgmt.*, 2020 WL 3574582 at *2. While at times this Court has found higher fees to be reasonable, between $300 and $350 is the norm. *See Lexington Ins. Co. v. Scott Homes Multifamily Inc.*, No. CV-12-02119-PHX-JAT, 2016 WL 5118316, at

---

[1] Although the Court acknowledges the award of $500/hour to David Chami, a partner at Ms. Rotkis' firm, it finds that a lower rate is more acceptable in this case given the circumstances. *Martinez v. Alltran Fin. LP*, No. CV-18-04815-PHX-DLR, 2021 WL 1017229, at *2 (D. Ariz. Mar. 17, 2021)

*15 (D. Ariz. Sept. 21, 2016). More experienced attorneys are entitled to charge higher fees. *Id.*

Here, both attorneys assert their rates are reasonable and consistent with the local market. (Docs. 62-1 at ¶25, 62-2 at ¶14) The attorneys included itemized time records with their sworn declarations attached to the original Application. (Docs. 62-1 at 9–27, 62-2 at 18–19) The Court will address their hourly rates separately.

    i.    *Susan M. Rotkis*

Ms. Rotkis stated in her Declaration that she billed at $475 an hour because she gave Plaintiffs a discount. (Doc. 62-2 at ¶12) Ms. Rotkis' attached invoice shows her rate was $500 an hour, despite the claims in her Declaration. (Doc. 62-2 at 8) This is the kind of inconsistency the Court has dealt with for the duration of the case, notably in both Motions for Default Judgment, in which every single mathematical calculation provided was erroneous. (Docs. 52, 61)

To the extent Ms. Rotkis provides the Court with the fees awarded to her in the District of Virginia and other courts, the Court finds those cases unavailing as the rates in Virginia have no bearing on the reasonable rate in the District of Arizona. Ms. Rotkis has been practicing law since 1996. (Doc. 62-2 at ¶4) As explained above, the average rate in this District is somewhere between $300 and $400 an hour. Therefore, the Court will reduce Ms. Rotkis' rate to $350 an hour.

    ii.    *Christine Anderson Ferraris*

Ms. Ferraris billed at a rate of $350 an hour in prelitigation, then at $475 an hour after the lawsuit was filed. (Doc. 62-1 at ¶¶13–14) Ms. Ferraris has been practicing since 2007. (Doc. 62-1 at ¶2) Based on the above reasoning, the Court will reduce Ms. Ferraris' hourly rate to $325 for both prelitigation and litigation activities.

    iii.    *Paralegals*

Ms. Ferraris billed for two paralegals on the case: Linda Vaubel is billed at $100 an hour and Ron Horne is billed at $150 an hour. (Doc. 62-1 at ¶18) The Declaration does not provide any arguments as to the rates' reasonableness, other than referencing Mr. Horne's

30 years' experience as a paralegal. (Doc. 62-1 at ¶18)

After conducting a survey of recent cases, the Court finds the requested amounts for the paralegals are reasonable. *See Tiffany C. Tyner, Plaintiff, v. Comm'r of Soc. Sec. Admin., Defendant.*, No. CV 19-489-TUC-LAB, 2021 WL 1895254, at *1 (D. Ariz. May 11, 2021) (finding $100 an hour for a paralegal is reasonable), *see also Martinez v. Alltran Fin. LP*, No. CV-18-04815-PHX-DLR, 2021 WL 1017229, at *2 (D. Ariz. Mar. 17, 2021) (A $130 rate for paralegals is within the Phoenix community average), *BoxNic Anstalt v. Gallerie degli Uffizi*, No. CV-18-1263-PHX-DGC, 2020 WL 2991561, at *2 (D. Ariz. June 4, 2020) (awarding $150 an hour for paralegal work). However, in reviewing the provided documentation, the Court discovered Ms. Ferraris did not distinguish between the tasks completed by her and the tasks completed by the paralegals. It is not clear which paralegal worked on which task, or if either of them did. Therefore, the Court in its discretion will award the lower of the rates, $100 an hour, for clerical tasks, which it will discuss below.

### B. Reasonableness of hours expended

When attorneys provide adequate documentation in their application for fees, it is easier for courts to determine whether the hours expended were reasonable. Here, both attorneys provided detailed notes of the time spent on the matter. The Court will address each attorney in turn.

    *i.*    *Susan M. Rotkis*

Ms. Rotkis claims she expended 12.5 hours. (Doc. 62-2 at 19) After reviewing the documentation she provided, the Court will not reduce her hours. 12.5 * $350 = $4,375.

    *ii.*    *Christine Anderson Ferraris*

Ms. Ferraris' spreadsheet shows she expended 107.7 hours over the course of the case. (Doc. 62-1 at 27) She indicated on the spreadsheet that 21.6 hours were nonbillable due to being spent on clerical tasks or claims on which the Plaintiffs did not prevail. In reviewing the spreadsheet to identify ensure her calculations of the fees were correct, the Court found 5 hours spent on clerical tasks that Ms. Ferraris included in the final calculation of her own hours. (Doc. 62-1 at 12,13,14,16,19,21,25) Administrative or clerical tasks are

not billed at a lawyer's rate. *Esquer v. Comm'r of Soc. Sec.*, No. CV-15-426-TUC-BPV, 2017 WL 1550475, at *3 (D. Ariz. May 1, 2017) citing *Davis v. City of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). Because they were tasks typically performed by a paralegal, the Court will reduce the billable rate on those tasks to $100 an hour. 5 * $100 = $500.

In its review the Court also found tasks related to the claims on which Plaintiffs did not prevail that Ms. Ferraris did not mark as nonbillable. (Doc. 62-1 at 10,11,14) The time spent on those tasks came to 2.8 hours. As such these hours will not be included in the Court's final calculation of time. After subtracting its own reductions and those indicated by Ms. Ferraris, the Court found Ms. Ferraris worked a total of 78.3 hours on the case for which she may recover fees. 78.3 * $325 = $25,447.50. $25,447.50 + $500 = $25,947.50.

### C. Costs

Plaintiffs request $1,883.25 in costs. (Doc. 75 at 12) The request is supported by a spreadsheet attached to the original Application for Attorneys' Fees. (Doc. 62-1 at 29) The MMWA allows a prevailing party to be reimbursed "for reasonable costs incurred in case preparation, during the course of the litigation, or as an aspect of the settlement of the case." *Gauchat-Hargis v. Forest River, Inc.*, No. 2:11-CV-02737-KJM, 2013 WL 4828594, at *11 (E.D. Cal. Sept. 9, 2013) (internal quotation omitted). Discovery expenses may also be included. *Id.* The expenses listed in the spreadsheet are for mailing fees, fees paid to private investigators, record fees for the vehicle in question in the case, and court and process server fees. These expenses are of the nature contemplated in the statute. However, the sum of the listed expenses is only $1,155.60. This discrepancy is another example of the troubles this Court has dealt with throughout this case. Because the Court is unable to account for the rest of the costs, it will only award $1,155.60.

### IV.   CONCLUSION

The Court conducted the lodestar calculation. The Court found that the amount of fees requested was unreasonable due to the hourly rates charged. *See supra* III.A. The Court also found Ms. Ferraris failed at times to differentiate between attorney and paralegal time

and attempted to bill for tasks unrelated to the prevailing claims. *See supra* III.B.ii. The Court reduced Ms. Rotkis' fees by $1,022. The Court reduced Ms. Ferraris' fees by $4,534.25 but added $500 for the paralegals' time. Therefore, the total reduction is $5,056.25. Finally, the Court found Plaintiffs are entitled to $1,155.60 in costs.

Therefore,

**IT IS ORDERED** that Plaintiffs' Renewed Motion for Reasonable Attorneys' Fees & Expenses Following Default Judgment and Memorandum in Support (Doc. 75) is **granted as modified**:

    i.    Plaintiffs are awarded **$30,232.50 in attorneys' fees**; and

    ii.    Plaintiffs are awarded **$1,155.60 in taxable costs**.

Dated this 14th day of May, 2021.

                              Honorable Steven P. Logan
                              United States District Judge